# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| MICHELLE M. STRINGFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 15-0693-CV-W-FJG |
| | ) | |
| COSENTINOS FOOD STORES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Currently pending before the Court is plaintiff's Motion for Preliminary and Permanent Injunction (Doc. # 6) and Motion for Leave to Intervene as an In Kind Mediator and Attendant (Doc. # 16).

**A. Supplemental Complaint**

Plaintiff filed her Complaint against defendant Cosentino's Food Stores on October 13, 2015. In her initial Complaint, plaintiff asserted claims for unlawful discharge and violation of the Family and Medical Leave Act. Six days after filing her initial Complaint, plaintiff filed a document titled "Petition for Preliminary and Permanent Injunctive Relief and For Assessment of Civil Fines and Penalties." The document however appears to be more of an Amended Complaint than a motion for preliminary injunction. In the motion, plaintiff has separated her claims into two different counts and the factual basis for each claim is listed in separately numbered paragraphs. In her reply suggestions, plaintiff states that "for further clarity" she filed an additional complaint with additional information and facts to support her claims. However, when plaintiff filed her "additional complaint" she did not reference all of the claims she raised in her initial Complaint. Thus, the docket sheet currently shows two separate complaints and two

separate answers to these complaints. In order to reduce confusion and to ensure that all of plaintiff's claims are contained in one document, the Court directs plaintiff to file an Amended Complaint which encompasses all of her allegations contained in both her initial complaint and her supplemental complaint. Plaintiff shall file her Amended Complaint with the Court on or before **June 17, 2016**.

### B. Preliminary and Permanent Injunction

As the Court previously noted, plaintiff titled her pleading a petition for "Preliminary and Permanent Injunctive Relief." However, in the pleading and in her reply suggestions, plaintiff states only that "[t]he Injunctive relief is appropriate in this case because there is a threat of irreparable harm." (Plaintiff's Reply Suggestions, p. 2). Other than this conclusory statement, plaintiff does not explain why she believes that there is a threat of irreparable harm. In Chlorine Institute, Inc. v. Soo Line R.R., 792 F.3d 903 (8th Cir. 2015), the Court stated:

> In considering whether to issue a preliminary injunction, the district court must consider four factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties [ ]; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir.1981)(en banc). "The burden is on the movant to establish the need for a preliminary injunction. . . ." DISH Network Serv. L.L.C. v. Laducer, 725 F.3d 877, 881 (8th Cir. 2013)(internal quotation marks omitted).

Id. at 914. In General Motors Corp. v. Harry Brown's, L.L.C., 563 F.3d 312, 319 (8th Cir. 2009), the Court stated, "[i]rreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." In DISH Network , the Court noted that "the absence of irreparable injury is by itself sufficient to defeat a motion for a preliminary injunction." Id. at 882.

In the instant case, plaintiff has offered nothing more than conclusory allegations

that she would suffer irreparable harm if a preliminary injunction is not entered. Additionally, plaintiff has offered no reason why her injuries could not be fully compensated by an award of monetary damages. The Court would note that plaintiff has also requested an monetary award of damages in her petitions.  Accordingly, because plaintiff has failed to show that she would suffer any irreparable injury, the Court hereby **DENIES** plaintiff's Motion for Preliminary and Permanent Injunctive Relief (Doc. # 6).

### C. Motion For Leave to Intervene

Robert Stringfield has filed an Entry of Appearance as an "in kind" mediator and attendant in the interest of plaintiff per any alternative dispute resolution.  Defendant states in opposition that Mr. Stringfield in his "Entry of Appearance" fails to provide any evidence that he is an attorney or that he is admitted to practice before this Court as required by Western District of Missouri Local Rule 83.5.  Tyler v. EPA, No. 8:12CV388, 2013 WL 623472, *1 (D.Neb. Feb. 19, 2013)("nonattorney pro se litigant may not represent someone else in federal court."). In Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998), the Court stated, "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."  Therefore, the Court finds that because Mr. Stringfield is not an attorney, he may not appear as an "in kind" mediator or appear on plaintiff's behalf in this action.  Accordingly, the Motion for Leave to Intervene is hereby **DENIED** (Doc. # 16).

Date:  May 31, 2016        **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri     Fernando J. Gaitan, Jr.
    United States District Judge