# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHELLE M. STRINGFIELD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 15-0693-CV-W-FJG ) |
| COSENTINO'S FOOD STORES, | ) ) |
| Defendant. | ) ) |

# ORDER

Currently pending before the Court is plaintiff's Motion for Summary Judgment (Doc. # 62); Cosentino's Food Stores ("Cosentino's") Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. # 66); Cosentino's Motion for Summary Judgment (Doc. # 67), Cosentino's Motion to Strike or for Leave to File Sur-Reply (Doc. # 70) and Cosentino's Motion to Strike Plaintiff's Additional Suggestions in Support of Summary Judgment (Doc. # 79).

## I.   BACKGROUND

Plaintiff began working for Cosentino's Food Stores in May 2010 as a deli worker at Store #105. Cosentino has an Attendance Policy which is included in its Employee Handbook. The Attendance Policy states in part:

> [a] good attendance record is required of every employee. Our customers and fellow employees depend on you to help the store operate successfully. You are responsible for working all of your scheduled shifts, for reporting to work on time, and for working until the end of your scheduled shift. . . .If it is necessary for you to leave during the work day, please provide advance notice to your Department Manager.

Cosentino's Rules of Conduct Policy states in part:

> Obviously, it is impossible to list every reason for which an employee may
> be disciplined or discharged . . .but some behaviors are considered so
> egregious that summary termination may be appropriate. The following
> list, while certainly not exhaustive, contains examples of the types of
> conduct that could be grounds for immediate termination:
>
> 1. Leaving your assigned work area or the store premises during your shift without authorization from your Store Director or Department Manager.
>
> Cosentino also had a Family and Medical Leave of Absence Policy.  The policy stated in part:
>
> The Company has a Family and Medical Leave Policy that is in
> compliance with The Family and Medical Leave Act of 1993 (FMLA),
> which provides for a leave of absence in certain circumstances. . .
> .Employees who wish to take FMLA leave must notify the company's
> Benefits Coordinator in as far advance of the leave as possible.

On September 14, 2010, plaintiff received a verbal warning for violating the attendance policy. The description of the incident stated that "[o]n September 9 (Thurs) you left your shift early at approx. 7:30 p.m. You were scheduled til [sic] 8:00.  You failed to ask store mgr if you could leave early. If no supervisor is in deli on duty you must ask store manager."  On October 15, 2014, plaintiff received a Final Written Warning for violation of the attendance policy.  "[E]xcessive absenteeism including leaving work early" on four occasions (July 12, 2014 – October 8, 2014).  The form stated: "Michelle is expected to work entire work schedule and as a shift supervisor lead by example and appropriately support Dept. Mgr." The form also notes that there was previous counseling regarding this issue:

> Jan. 4, 2014 Written = Insubordination & job performance
> Jan. 13, 2014 Suspension = Sales Transaction w/ family member &
> herself.

The form indicates that the employee has been told that further incidents or violations will result in termination.  Under employee signature it states: "Refused to Sign."

Plaintiff testified that she met with three managers on October 15, 2014 who gave her a final written warning:

Q. Okay. So basically my point with this, Ms. Stringfield, is that you were given a final written warning. You were told that you needed to complete your shifts; is that correct?
A. Yes.
Q. And you knew that if you were going to leave the store premises during your shift, that you needed to notify a store manager or a department manager; is that correct?
A. That's correct. There was no managers around.
Q. Okay. And you went ahead, knowing those things, and you clocked out and you left; is that true?
Q. That's true.
 . . .
Q. Hold on just a minute. Let me finish my question. You were in this meeting with them and you never said before you left, I'm not feeling good because of this meeting, I need to go home; is that true?
A. I didn't say nothing in the meeting.
Q. Okay. And then they asked you after you left the meeting to go back to the deli and to send the deli manager, Fran Roc - - how do you say her last name?
A. Roccoro.
Q. Roccoro. Back to the front office. And when you saw Fran, you didn't say, Fran, I'm not feeling good. I need to leave. Is that true?
A. That's true.
Q. Okay. So you passed four managers on your way out of the store and you didn't notify any of them; is that true?
A. No, that's not true?
Q. Tell me why.
A. Because when I walked out of the office there was no managers around. They were still in the office when I – when I felt sick and had to leave.
Q. Okay. So you passed back by the office and you knew they were there and you didn't knock on the door and say, I've got to go.
A. No, I did not.

(Plaintiff's Depo. pp. 21-23).

Plaintiff had an appointment at Truman Medical Center on 10/17/14 and testified that she went to weekly appointments at Truman until 11/17/2014.

On October 15, 2014, plaintiff's employment with Cosentino was terminated for job abandonment. The Change of Status Form states: "On 10/15/2014, Michelle clocked out at 9:25 a.m. however was scheduled until 1 p.m. Michelle abandoned her

job without notice." (Doc. # 68, Ex. 7).

Plaintiff's father submitted an Affidavit in which he states that on October 15-16, 2014, plaintiff was treated at Truman Medical Center. Mr. Stringfield states that he called Store # 105 on October 16, 2014 and informed the Assistant Manager that plaintiff was sick and under a doctor's care. Mr. Stringfield states that on October 17, 2014, he delivered to the store manager: A) handwritten note to HR Department to fill out short term sickness disability report; B) Copy of medical treatments on October 15 - 16, 2014 from Truman Medical Center and C) Statement from plaintiff that she was sick and will be unable to return to work. The note which is dated October 16, 2014 states:

> Please have your HR Dept. fill out employers statement Section B. As stated in the yellow copy disability report UFCW & Employers Kansas & Missouri Health and Welfare Plans. I have also attached a copy from Two Rivers Behavioral Health System verifying inpatient treatment on 10/15/2014 with a return to Two Rivers 10/16/2014 to start treatment. On 10/16/14 I was referred to Swope Behavioral Health who referred me to Truman Medical Center and I have attached a copy verifying my attendance for treatment on 10/17/2014. I am now waiting for treatment from Truman Behavioral Health. I will be unable to return to work until after 11/17/2014 as I am scheduled for treatment at Truman Medical Center Behavioral Health on 11/17/2014. The Disability Report needs to be sent back to me prior to 11/17/2014 so that I can have Section C completed as required on the Disability Report.

(Doc. # 63, Exh. 3).

Plaintiff testified that before the meeting with the managers on October 15, 2014, she was at work and was performing her duties and that she had never requested FMLA leave from Cosentino before:

Q. Okay. Okay, Michelle. It's my understanding that on October 15, 2014, prior to receiving your written warning in that meeting with Ron Herd and Barb Niceswanger and Jason Martinez that you were at work as usual; is that correct?
A. Yes.
Q. That you were completing your duties; is that right?
A. Yes.

Q. And it's my understanding that you didn't start to feel ill until after your meeting on your final written warning; is that right?
A. Yes.
Q. And based on the information that we just looked at, the first time that you had those symptoms or that illness that you claim you had was after the meeting on October 15th; is that right?
A. Yes.
Q. Okay. So prior to leaving the store on October 15th, you had never requested FMLA leave from Cosentino; correct?
A. Correct.
Q. And prior to leaving the store on October 15th, 2014, you had never told you department manager that you had a condition that required you to go to the hospital; is that true?
A. That's true.
Q. And you never told a store director or assistant director that you had a condition that required you to go to the hospital; is that true?
A. Correct.
Q. Okay. So the first time that you would have informed Cosentino that you weren't feeling well to the point that you felt you needed to go to the doctor would have been after you left the store on October 15th; is that true?
A. After I left the meeting, yes.
Q. Okay. And we know that your father did not take this medical documentation to the store until October 17th; correct?
A. Correct.

(Doc. # 66-1, Plaintiff's Deposition, pp. 37-38).

## II.  STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v.

Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

### III. DISCUSSION

#### A. Cosentino's Motion for Summary Judgment

##### 1. FMLA Claim – Interference with FMLA Rights

In her First Amended Complaint, plaintiff alleged that the Cosentino illegally discharged her for exercising her rights and illegally accused her of abandoning her job. Plaintiff states that she provided medical documentation and notice to Cosentino as soon as practicable under the facts and circumstances. Plaintiff alleges that Cosentino did not take her medical condition seriously and instead fired her for attendance violations instead of granting her FMLA leave to which she was entitled. In Harris v. CRST Van Expedited, Inc., No. 13-CV-119-LRR, 2014 WL 6686569 (N.D.Iowa Nov. 26, 2014), the Court noted that although the parties in that case referred to plaintiff's claim as an interference claim, the Eighth Circuit recently articulated that an interference claim under 29 U.S.C.§ 2615(a)(1) "may more appropriately be described 'as an entitlement claim - [where] an employee claims the denial of a benefit to which he [or she] is entitled under the statute.'" Id. at *5 (quoting Pulczinski v. Trinity Structural Towers, Inc., 691

6

F.3d 996, 1005 (8th Cir.2012)).

The Eighth Circuit in Stallings v. Hussmann Corp., 447 F.3d 1041 (8th Cir.2006) stated:

> An employee can prevail under an interference theory if he was denied substantive rights under the FMLA for a reason connected with his FMLA leave. . . [E]very discharge of an employee while [he] is taking FMLA leave interfers with an employee's FMLA rights. However, the mere fact of discharge *during* FMLA leave by no means demands an employer be held strictly liable for violating the FMLA's prohibition of interfering with an employee's FMLA rights. . . .Thus, where an employer's reason for dismissal is insufficiently related to FMLA leave, the reason will not support the employee's recovery.

Id. at 1050- 1051. (internal citations and quotations omitted). In Harris, the Court stated that to establish an entitlement claim under 29 U.S.C. § 2615(a)(1), a plaintiff must prove five elements:

> (1) [Plaintiff] was an '[e]ligible employee' under 29 U.S.C.§ 2611(2); (2) [The employer] was a covered 'employer' under 29 U.S.C. § 2611(4); (3) [Plaintiff] 'was entitled to FMLA leave' under 29 U.S.C. § 2612(a)(1); (4) [Plaintiff] gave [her employer] 'notice of [her] intent to take FMLA leave' under 29 U.S.C. § 2612(e)(1); and (5) [The employer] 'denied [plaintiff] FMLA benefits to which [she] was entitled.'

Id. at *5 (quoting Schoonover v. ADM Corn Processing, No. 06-CV-0133-LRR, 2008 WL 282343, at *12 (N.D.Iowa Jan. 31, 2008)).

Cosentino argues that it is entitled to summary judgment on plaintiff's interference claim because: 1) plaintiff failed to provide Cosentino with adequate and timely notice of her alleged need for FMLA leave and 2) plaintiff's employment with Cosentino was lawfully terminated for a reason unrelated to her alleged FMLA leave. In Harris, the Court stated:

> Even if an employee is entitled to FMLA leave, he or she must also show that he [or she] gave his [or her] employer adequate and timely notice of his [or her] need for [FMLA] leave. . . .When leave is needed for

7

> an unforeseeable event, notice is required as soon as practicable. . . .This ordinarily means at least verbal notification to the employer within one or two business days of when the need for leave becomes known to the employee.

Id. at *7 (internal citations and quotations omitted). In Phillips v. Mathews, 547 F.3d 905, 909 (8th Cir. 2008), the Court stated, "[w]hether an employee gave sufficient information to put his or her employer on notice that an absence may be covered by the FMLA is a question of fact for the jury." In Murphy v. FedEx Nat'l LTL, Inc. 618 F.3d 893, 903 (8th Cir.2010), the Court observed that this "requires consideration of the totality of the circumstances."

Cosentino argues that plaintiff cannot show that she provided adequate or timely notice of her alleged need for FMLA leave. Cosentino states that prior to leaving the workplace on October 15, 2014, plaintiff did not inform any member of management that she was not feeling well, that she had a medical condition or that she needed to seek medical treatment. Cosentino also states that plaintiff never made a request prior to October 15, 2014 for FMLA leave. Cosentino states that even assuming that plaintiff became so ill during the meeting regarding her Final Written Warning that she had to leave, she had just been in contact with four members of management and she had the opportunity to inform them that she was sick, had a medical condition or needed to seek treatment. Additionally, Cosentino states that there is no evidence that plaintiff was in an emergency situation that prohibited her from notifying management of her health condition or her need to leave work on October 15, 2014.

In Griffin v. Weiss, No. 4:13CV00251JLH, 2014 WL 4542814 (E.D.Ark. Sept. 11, 2014), the court stated:

> [a] mental illness may qualify as a serious health condition if it 'continues over an extended period of time and requires periodic doctor's visits

> because of, or to prevent, episodes during which the employee cannot perform regular daily activities. . . .An entitlement claim requires the employee to have given notice to his employer of his need for FMLA leave . . .Although notice need not be given prior to taking unforeseeable FMLA leave, notice must still be given as soon as practicable. . . .The employee need not explicitly state or refer to the FMLA when requesting leave, but must provide [ ] enough information to put the employer on notice that the employee may be in need of FMLA leave. . . .The information provided should indicate that the health condition could be serious. . . .Calling in sick without providing more information will not be considered sufficient notice to trigger an employer's obligations under the Act.

Id. at *5 (internal citations and quotations omitted).

In the instant case, plaintiff's father called the Store on October 16, 2014, the day after plaintiff left and informed the Assistant Manager that plaintiff was sick and under a doctor's care. On October 17, 2014, two days after plaintiff left the store, plaintiff's father delivered written documentation to the Store Manager. The documents included a handwritten letter referencing short term disability, copies of medical treatment notes and a statement by plaintiff that she was sick and would be unable to return to work for a month. Considering the totality of the circumstances and viewing all of the evidence in plaintiff's favor, the Court finds that there are disputed facts regarding whether plaintiff provided adequate and timely notice to Cosentino that she was requesting FMLA leave.

Cosentino states that even assuming that plaintiff provided adequate and timely notice, her interference claim must be dismissed because Cosentino terminated her for a reason unrelated to her alleged FMLA leave. In Harris, the Court explained:

> The burden is on the employer to prove the reason for termination was unrelated to [the] FMLA. . . .[A]n employer who interferes with an employee's FMLA rights will not be liable if the employer can prove it would have made the same decision had the employee not exercised the employee's FMLA rights.

Id. at *9 (internal citations and quotations omitted).

Cosentino states that plaintiff was coached and reminded of Cosentino's Attendance Policy and Rules of Conduct. Cosentino also states that plaintiff acknowledged during the meeting when she was presented with the Final Written Warning, that any additional incidents would result in termination. Cosentino states that despite this knowledge, plaintiff violated the company policy when she walked off the job prior to the end of her shift without notifying management. Cosentino states that plaintiff's actions were a violation of their policies and they were justified in terminating her. Cosentino states that plaintiff cannot use the FMLA as a shield to engage in conduct that would not otherwise be permitted.

Plaintiff states in opposition that because she provided Cosentino with adequate and timely notice (within 2 days of leaving), that her absence was covered under the FMLA. Thus, assuming that the absence was covered under the FMLA, she would not have been in violation of Cosentino's attendance policy and there would have been no basis for discharging her. The Court finds that Cosentino cannot carry its burden to show that plaintiff would have been discharged regardless of her leaving on October 15, 2014. As noted above, there are disputed issues of fact regarding plaintiff's notice to Cosentino and whether she was terminated for a reason unrelated to her FMLA claim. Accordingly, the Court hereby **DENIES** Cosentino's Motion for Summary Judgment on plaintiff's FMLA claim.

**2. Weingarten Claim**

Cosentino also moves for summary judgment on plaintiff's alleged violation of her Weingarten rights. Plaintiff alleges that Cosentino denied her union representation during the October 15, 2014 meeting with management. Cosentino argues that it is

entitled to summary judgment on this claim because such claims are preempted and fall within the exclusive jurisdiction of the National Labor Relations Board. The Court agrees and finds that Cosentino is entitled to summary judgment on this claim. In Dennis v. County of Atlantic County, 863 F.Supp.2d 372, 387 (D.N.J. 2012), the court noted that "any claim under Weingarten is preempted." See also, Schult v. International Business Machines Corp., 123 Fed.Appx. 540, 542 (4th Cir.2004)(Claim based on the alleged violation of their Weingarten rights was federally preempted due to National Labor Relations Board's exclusive jurisdiction). Accordingly, the Court hereby **GRANTS** Cosentino's Motion for Summary Judgment on plaintiff's Weingarten claim. The Court therefore **DENIES IN PART AND GRANTS IN PART** Cosentino's Motion for Summary Judgment (Doc. # 67).

### B. Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment on Cosentino's Affirmative Defense that she abandoned her job when she left the store. Plaintiff states that Cosentino ignored the documentation that was provided to the Store by her father and Cosentino cannot show that she abandoned her job rather than seeking medical leave to which she was entitled. Cosentino argues that plaintiff failed to provide any notice of her alleged need for FMLA leave and she was terminated for violating company policy by leaving the store prior to the end of her scheduled shift without notifying management. As stated above, the Court finds that there are disputed facts regarding whether plaintiff gave adequate and timely notice of her need for medical leave or whether Cosentino terminated plaintiff for leaving her position without notifying anyone or for another reason. Thus, because there are disputed facts surrounding plaintiff's leaving the store

11

on October 15, 2014, the Court hereby **DENIES** plaintiff's Motion for Summary Judgment (Doc. # 62).

C.  **Motions to Strike**

Cosentino filed a Motion to Strike plaintiff's Motion for Summary Judgment because the Statement of Uncontroverted Facts was deficient and failed to meet the requirements imposed by the local rules and the Federal Rules of Civil Procedure. Consentino argues that plaintiff submitted three pages of facts in a narrative form which were not supported by any reference to documents, testimony or other evidence. However despite moving to strike plaintiff's summary judgment motion, Cosentino was able to formulate responses to plaintiff's statement of facts. Accordingly, because Cosentino was able to respond to the statement of facts, the Court hereby **DENIES THE MOTION TO STRIKE AS MOOT** (Doc. # 66).

Cosentino filed a second Motion to Strike plaintiff's opposition to defendant's motion arguing that for the first time plaintiff has raised new information that was not presented in her Motion for Summary Judgment.  Cosentino states that plaintiff's reply consists of references to the March 2, 2015 Decision of the Division of Employment Security Appeals Tribunal regarding her request for employment security benefits.  Thus, Cosentino is requesting that the Court either strike plaintiff's reply or grant it an opportunity to file a sur-reply. Cosentino attached its Sur-Reply to the motion.  The Court finds because plaintiff raised information in her reply suggestions, which she had not previously raised in her initial summary judgment motion, that Cosentino will be allowed an opportunity to file its Sur-Reply.  The Court had reviewed and considered its Sur-Reply suggestions in ruling on the above motions.  Accordingly, Cosentino's Motion

to Strike is hereby **DENIED**, but the Motion for Leave to File Sur Reply Suggestions is hereby **GRANTED** (Doc. # 70). The Clerk of the Court is directed to file the attached Sur-Reply Suggestions in Opposition to Plaintiff's Motion for Summary Judgment.

Cosentino filed a third Motion to Strike plaintiff's additional suggestions in support of summary judgment. Cosentino states that despite the fact that plaintiff's motion for summary judgment was fully briefed and without seeking leave from the Court, plaintiff filed additional suggestions in support of her motion. These additional suggestions and records were not reviewed or considered by the Court in ruling on the motions for summary judgment. Accordingly, the Court hereby **DENIES** Cosentino's Motion to Strike as **MOOT** (Doc. # 79).

### IV. CONCLUSION

Accordingly for the reasons stated above, plaintiff's Motion for Summary Judgment is hereby **DENIED** (Doc. # 62); Cosentino's Food Stores ("Cosentino's") Motion to Strike plaintiff's Motion for Summary Judgment (Doc. # 66) is hereby **DENIED AS MOOT**; Cosentino's Motion for Summary Judgment (Doc. # 67) is hereby **GRANTED IN PART** and **DENIED IN PART**; Cosentino's Motion to Strike or for Leave to File Sur-Reply (Doc. # 70) IS **GRANTED IN PART** and **DENIED IN PART** and Cosentino's Motion to Strike Plaintiff's Additional Suggestions in Support of Summary Judgment is hereby **DENIED AS MOOT** (Doc. # 79).

Date: September 5, 2017      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri      Fernando J. Gaitan, Jr.
     United States District Judge